CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

OCT 0 1 2007

JOHN F CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:07cr00010 |
| v. | |
| SHINDER S. GANGAR ET AL., | OPINION and ORDER |
| Defendants. | JUDGE NORMAN K. MOON |

This matter is before the Court on Motions to Sever Counts and Defendants (docket entry nos. 145, 149, and 153) and Motions for Bills of Particulars (docket entry nos. 144, 151, and 154) filed by Defendants Mason, June, and Hardesty.[1] At the September 18, 2007 hearing, Defendants Mark Smyth, Gregory Smyth, and Mary Dowdell joined Mason's motions. As explained below, the Motions for Bills of Particulars will be denied, and the Motions to Sever Counts and Defendants will be granted with respect to Count Four of the superseding indictment and denied with respect to all defendants and Counts One through Three.

The defendants requesting severance of counts and defendants (collectively "Defendants") argue that Counts One and Two should be severed from Counts Three and Four, and that the trial of Mason, June, and Hardesty should be severed from the trial of Nigel Heath, Mark and Gregory Smyth, and Mary and Rebecca Dowdell. Rule 8(a) allows joinder of offenses when "the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Rule 8(b) allows joinder of defendants "if they are alleged to have participated in

---

[1] Defendant June's motions are substantially identical to Defendant Mason's motions. Defendant Hardesty's

Case 3:07-cr-00010-MFU   Document 167   Filed 10/01/07   Page 1 of 5   Pageid#: 500

the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "Although 'series of acts or transactions' is not defined in the Rule, such phrase logically includes those transactions so interconnected in time, place and manner as to constitute a common scheme or plan." *United States v. Santoni*, 585 F.2d 667, 673 (4th Cir. 1979) (quoting Fed. R. Crim. P. 8(b)).

Counts One and Two address the so-called "Vavasseur scheme," in which Mason, June, Hardesty, and others allegedly "caused Vavasseur investors to transfer their funds by check or wire into various bank accounts controlled by the defendants and substantial portions of the proceeds of the scheme were ultimately transferred to Dowdell." (Super. Indict. Cnt. One ¶ 18.) Count Three addresses efforts to fraudulently divert frozen Vavasseur funds to Terry Dowdell and his family, as well as to the Smyths. Count Four addresses a conspiracy to use some of these diverted funds to bribe a public official to make the SEC enforcement action that resulted from the Vavasseur scheme "go away."[2] (Super. Indict. Cnt. Four ¶ 3.)

Viewed from this perspective, Counts Three and Four simply reflect efforts to retain the funds that were obtained through the acts constituting Counts One and Two. The fact that few of the individuals who were involved in the latter were also involved in the former does not mean that both efforts were not part of an overall scheme or plan to fraudulently obtain and retain money from investors for the benefit of Terry Dowdell and the defendants. Defendants' argument that the superseding indictment does not specifically charge an overarching conspiracy is similarly unavailing. Instead, the question under Rule 8 is simply whether the counts and

---

motions simply adopt Defendant Mason's motions.

[2] Except for Defendants Gangar and White, who are not expected to be present at the trial, Counts One and Two name different defendants than Counts Three and Four.

defendants are connected by a common scheme or plan. Because, in this case, they quite plainly are, Rule 8 does not mandate severance.

Severance may nevertheless be granted under Rule 14 "[i]f the joinder of offenses or defendants . . . appears to prejudice a defendant or the government." Fed. R. Crim. P. 14. Rule 14 requires severance when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). This requires that a defendant "establish that actual prejudice would result from a joint trial . . . not merely that a separate trial would offer a better chance of acquittal." *United States v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995). A defendant seeking severance "bears the burden of showing that a joint trial would be so unfairly prejudicial that a miscarriage of justice would result." *United States v. Williams*, 10 F.3d 1070, 1080 (4th Cir. 1993). Absent such a showing, the presumption is that co-defendants should be tried together. *See Zafiro*, 506 U.S. at 537–38; *Richardson v. Marsh*, 481 U.S. 200, 206–11 (1987).

As to Counts One through Three and the defendants named therein, I am not persuaded that actual prejudice would result from a joint trial. Jurors are surely capable of distinguishing between only two sets of defendants and two sets of counts, and any remaining risk of confusion or cumulation of evidence can be cured through limiting instructions. Moreover, the Court's interest in trial efficiency favors joinder because the Government would likely have to prove much, if not all, of the Vavasseur scheme set forth in Counts One and Two in a separate trial of Count Three. However, because all parties agree that the defendants charged in Count Four will not be present at the trial, there is nothing to be gained in terms of efficiency by not severing Count Four. Accordingly, Count Four will be severed from Counts One through Three, but all

- 3 -

defendants and Counts One through Three will remain joined.

Regarding the motions for bills of particulars, Defendants Mason, June, and Hardesty seek to know the specific acts that the Government alleges each has committed in furtherance of the securities fraud charged in Count One. They also want to know any and all acts in furtherance of the securities fraud that the other defendants and Terry Dowdell are alleged to have committed. In opposing the motions, the Government responds that the information Mason, June, and Hardesty seek is already freely available to them because the Government is proceeding on an "open file basis," allowing the defendants open access to all documents in its possession pertaining to this case and the earlier prosecution of Terry Dowdell.

Fourth Circuit precedent suggests that when the government maintains an open file policy, a bill of particulars is unnecessary because the defendant has an adequate source of information. *See United States v. Soc. of Indep. Gasoline Marketers of Am.*, 624 F.2d 461, 466 (4th Cir. 1980); *United States v. Duncan*, 598 F.2d 839, 849 (4th Cir. 1979); *United States v. Schembari*, 484 F.2d 931, 935 (4th Cir. 1973); *see also United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1992). Although it would undoubtedly be helpful to Defendants to have the information they seek spelled out for them in a bill of particulars, providing defendants with additional discovery is not a proper basis for ordering a bill of particulars. *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985). Accordingly, Defendants' motions for bills of particulars will be denied.

## ORDER

For the above-stated reasons, Count Four of the superseding indictment is hereby SEVERED from Counts One through Three. In all other respects, Defendants' Motions to Sever

- 4 -

Counts and Defendants are hereby DENIED.  In addition, Defendants' Motions for Bills of

Particulars are hereby DENIED.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all

counsel of record.

ENTERED: _Norman K. Moon_____
United States District Judge

_10/1/07_____
Date